# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/29/2023
CT Log Number 545442919

## Service of Process Transmittal Summary

**TO:**     Legal Intake
            DISCOVER PRODUCTS INC.
            2500 Lake Cook Rd
            Riverwoods, IL 60015-1838

**RE:**     **Process Served in New York**

**FOR:**    Discover Bank  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anyelis DeLeon vs. Bank of America N.A. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint |
| **COURT/AGENCY:** | Bronx County Supreme Court, NY<br>Case # 8199432023E |
| **NATURE OF ACTION:** | Violations of the FCRA |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/29/2023 at 08:36 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, exclusive of the day of service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Alain Cesar<br>SANDERS LAW GROUP<br>333 Earle Ovington Boulevard, Suite 402<br>Uniondale, NY 11553<br>516-203-7600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/29/2023, Expected Purge Date:<br>01/03/2024<br><br>Image SOP<br><br>Email Notification,  Legal Intake  dfslegalservice@discover.com<br><br>Email Notification,  Keri Tuthill  kerituthill@discover.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Dec 29, 2023
**Server Name:**    NY-NYC DROPOFFPROCESSSERVER

| Entity Served | DISCOVER BANK |
|---|---|
| Case Number | 8199432023E |
| Jurisdiction | NY |

| Inserts |
|---|
|  |



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX
-------------------------------------------------------------x
Anyelis DeLeon,

Plaintiff/Petitioner,

- against -

Bank of America N.A., Goldman Sachs Bank USA,
Discover Bank, TD Bank N.A., Equifax Information
Services, LLC, Experian Information Solutions, Inc.
Defendant/Respondent.
-------------------------------------------------------------x

Index No.819943/2023E

Filed on: 12|15|2023

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating** in e-filing include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1  of  2                    EF-3

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  12/18/2023

Alain Cesar
        Name

Sanders Law Group

        Firm Name


333 Earle Ovington Boulevard
            Address

Uniondale, NY 11553


516-203-7600
        Phone

ACesar@sanderslaw.group
        E-Mail


To:    Discover Bank

       C T CORPORATION SYSTEM

       28 Liberty Street, New York City New York 10005


6/6/18

Index  #                    Page 2  of 2                    EF-3

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E
RECEIVED NYSCEF: 12/15/2023

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

| | |
|---|---|
| Anyelis DeLeon,<br><br>                                Plaintiff,<br><br>                          v.<br><br>Bank of America N.A., Goldman Sachs Bank USA,<br>Discover Bank, TD Bank N.A., Equifax Information<br>Services, LLC, Experian Information Solutions, Inc.<br>and Trans Union, LLC,<br><br>                                Defendants. | Index No.: 819943/2023E<br>Date Purchased: Filed on: 12/15/2023<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br>**CPLR §503(a):** Plaintiff's principal place of<br>residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York).

        **YOU ARE HEREBY NOTIFIED THAT,** should you fail to answer, a judgment will be
entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
        December 15, 2023

**Defendants Addresses:**

Bank of America N.A.
100 North Tryon Street, Suite 170
Charlotte, North Carolina 28255

Goldman Sachs Bank USA
200 West Street
New York, New York 10282

Discover Bank
502 E. Market Street
Greenwood, Delaware 19950

**SANDERS LAW GROUP**

By: /s/ Alain Cesar
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128386

1

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

TD Bank N.A.
1701 70 East,
Cherry Hill, New Jersey 08034

Equifax Information Services, LLC
1550 Peachtree Street
NW Atlanta, GA 30309

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626

Trans Union LLC
555 W. Adams Street
Chicago, IL 60661

2

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Anyelis DeLeon,

                    Plaintiff,

           v.

Bank of America N.A., Goldman Sachs Bank
USA, Discover Bank, TD Bank N.A., Equifax
Information Services, LLC, Experian Information
Solutions, Inc. and Trans Union, LLC,

                    Defendants.

Index No: 819943/2023E
Filed on: 12/15/2023
**COMPLAINT**

Plaintiff Anyelis DeLeon ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Bank of America, N.A. ("*BofA*"), Goldman Sachs Bank USA ("*Goldman*"), Discover Bank ("*Discover*"), TD Bank N.A. ("*TD*") (BofA, Goldman, Discover, and TD may be hereinafter collectively referred to as "*Furnisher Defendants*"), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*"), and Trans Union, LLC ("*Trans Union*") (Equifax, Experian and Trans Union may be hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendants and CRA Defendants may be hereinafter collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq.* ("*NY FCRA*").

2.      This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of 15 U.S.C. § 1681i(a); and for their violations of 15 U.S.C. § 1681c-2 for failing to block the information after receipt of Plaintiff's notice(s) of identity theft dispute.

3

3.      This action also seeks relief against CRA Defendants pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4.      This action seeks relief against Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for their failure(s) to conduct reasonable and/or good faith investigations into Plaintiff's notice(s) of dispute and failing to delete, correct or block the inaccurate information.

5.      Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6.      As a result of Defendants' conduct in misreporting and failing to reasonably investigate the disputes and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain, in addition to physical manifestations due to the anxiety and stress of the negative credit impact of the errors at issue, which were not corrected despite taking steps to resolve them; and the dissemination of this inaccurate information to third parties.

7.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9.      Venue is appropriate in Bronx County pursuant to CPLR § 503(a) because Plaintiff resides within Bronx County and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the Court's jurisdiction.

## PARTIES

10.     Plaintiff Anyelis DeLeon is an adult who is a citizen of the State of New York residing in Bronx County, New York.

4

**FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM**    INDEX NO. 819943/2023E

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 12/15/2023

11.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12.     Defendant BofA is a national banking association and has a principal place of business located at 100 North Tryon Street, Suite 170, Charlotte, North Carolina 28255.

13.     Defendant BofA is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14.     Defendant Goldman is a bank and has a principal place of business located at 200 West Street, New York, New York 10282.

15.     Defendant Goldman is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

16.     Defendant Discover is a bank and has a principal place of business located at 502 E. Market Street, Greenwood, Delaware 19950.

17.     Defendant Discover is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

18.     Defendant TD is a bank and has a principal place of business located at 357 Kings Highway North, Cherry Hill, New Jersey 08034.

19.     Defendant TD is a Furnisher as that term is defined by 15 U.S.C. § 1681s-2(b).

20.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

21.     Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

22.     Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

23.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

24.     Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

25.     Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

26.    Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

27.    Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

28.    Defendant Trans Union by contractual agreement, disseminates consumer background reports for remuneration to third parties, including that of Plaintiff.

### SUBSTANTIVE ALLEGATIONS OF FCRA

29.    Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

(1)    The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)    An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)    Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)    There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

30.    FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

31.    CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving

6

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

32.     Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

33.     Plaintiff's injuries are particularized and actual and are directly traceable to Defendants' conduct, misconduct and/or omissions. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FACTUAL ALLEGATIONS

34.     Plaintiff became the victim of identity theft after being lured into seeking a relationship with an entity known as Cash Flow Partners LLC ("*Cash Flow*") in or about 2017.

35.     Cash Flow held itself out as offering individuals the opportunity to invest in a pooled fund that would purchase and renovate houses, which would then be flipped and sold for a profit.

36.     In addition, Cash Flow offered credit repair services to their clientele which allowed them further access to their unwitting clients' personal and financial details and information to further their scheme in procuring unsecured loans and bank cards to extract money.

37.     To make this opportunity appear as being too good to pass up, Cash Flow guaranteed investors rates of return between 1.25% and 4% per month.

38.     Plaintiff provided her personal information to Cash Flow after becoming their client.

39.     In or about December of 2019, the Securities and Exchange Commission ("*SEC*") charged Cash Flow and its principal with operating an illegal Ponzi scheme, many of whom were members of the Hispanic community.

40.     The SEC alleged that Cash Flow never invested in the purchase or renovation of houses, as promised.

41.     Instead, Cash Flow's principal, Edward Espinal and Cesar Mendez used money from new investors to pay monthly "returns" to other investors, to bankroll his personal living expenses, and to sustain his separate fraudulent bank loan scheme.

7

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

42.    Upon hearing of the SEC's claims against Cash Flow, Plaintiff discovered that some credit cards she owned had been taken over by Cash Flow and numerous new accounts had been opened in her name, without her knowledge or approval.

43.    Plaintiff is a registered Victim in the United States Department of Justice's ("*USDOJ*") case against Cesar Mendez, docket number 21-CR-00517.

44.    Plaintiff did not profit or benefit from Cash Flow's scheme.

45.    Plaintiff was scammed by Cash Flow and they took over her existing credit card account with BofA with account no. 440066005829**** and left a fraudulent outstanding balance of $9,287 (the "*BofA 5829 Account*" or "*Comrpomised Account*").

46.    Upon information and belief, the following accounts were all opened fraudulently in 2017 by Cash Flow:

    i.    an account with LendingClub Corporation with account no. 12221*** (the "*LendingClub Account*").

    ii.    an account with BofA with partial account no. 440066524372**** and left a fraudulent outstanding balance of $9,353 (the "*BofA 4372 Account*").

    iii.    an account with TD with partial account no. 464129*** and left a fraudulent outstanding balance of $3,674 (the "*TD Account*").

    iv.    an account with PNC Bank with account no. 12221*** (the "*PNC Account*").

    v.    an account with Goldman with account no. PL0100274*** and left a fraudulent outstanding balance of $11,658 (the "*Goldman Account*").

    vi.    an account with Discover with account no. 600100812780**** and left a fraudulent outstanding balance of $2,731 (the "*Discover Account*").

(The accounts referenced in paragraphs 45 and 46 are hereinafter collectively referred to as "*Accounts*").

47.    On or about August 23, 2022, Plaintiff filed an FTC Identity Theft Report which specifically references the BofA, Discover, TD, LendingClub and Goldman Accounts (as the "*FTC Report*").

48.    Plaintiff has submitted multiple disputes either in writing or over the telephone directly to Defendants, many of which will require discovery to clarify.

8

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

49.     Nevertheless, Plaintiff can confirm that on or around February 10, 2023, Plaintiff caused FCRA dispute letters to be sent to CRA Defendants via certified mail (the *"FCRA Dispute Letters"*).

50.     The FCRA Dispute Letters also enclosed Plaintiff's Driver's License, Social Security Card, Proof of Residence, FTC Report and a release from the USDOJ, by and through the U.S. Attorney's Office for the District of New Jersey, which announced Espinal's plea of guilty to the fraud committed by himself and Cash Flow.

51.     Based upon United States Postal Service tracking information, CRA Defendants received the FCRA Dispute Letters.

52.     Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA Dispute Letters to Furnisher Defendants, within five business days of receipt of same.

53.     Upon information and belief, Furnisher Defendants received the notice of dispute and all relevant information from CRA Defendants.

54.     Following Defendants' thirty (30) day FCRA investigation period, Defendants continued to report the Accounts.

55.     Upon information and belief, Defendants either failed to perform any investigation at all or performed unreasonable investigations and continue to furnish all Fraudulent Accounts and Compromised Account on Plaintiff's credit reports.

56.     The following accounts are still reporting on the corresponding CRA as set out below:

    i.      BofA 5829 Account– Experian and Equifax

    ii.     BofA 4372 Account - Experian and Equifax

    iii.    Goldman Account – Experian, Equifax and Trans Union

    iv.    Discover Account – Equifax and Experian

    v.     TD Account – Equifax

    vi.    LendingClub Account - Equifax

    vii.   PNC Account – Experian, Equifax and Trans Union

(Collectively referred to as *"Accounts"*)

57.     Following the receipt of the Identity theft Report and FCRA Dispute Letter from Plaintiff, CRA Defendants failed to block the Accounts.

9

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM
NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E
RECEIVED NYSCEF: 12/15/2023

58.    Had Defendants performed reasonable investigations which considered that Plaintiff was defrauded and not responsible for the accounts or their respective balances on the Accounts, the Accounts at issue would have been blocked or deleted entirely from Plaintiff's credit report.

59.    Alternatively, and, upon information and belief, CRA Defendants failed to provide Furnisher Defendants with the notices of dispute and all relevant information.

60.    Alternatively, and, upon information and belief, Furnisher Defendants provided CRA Defendants with the correct information and directives regarding the disputed accounts and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

61.    As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

62.    The Accounts are all in charge off status and except for the PNC Account and LendingClub Account, have outstanding balances.

63.    As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain and physical distress due to the anxiety and stress of the negative credit impact of the errors at issue, despite having taken steps to resolve same; lost time and effort; and the dissemination of this inaccurate reporting to third parties.

64.    Plaintiff is unable to increase the limits on her legitimate existing credit cards and feels discouraged and anxious because the proliferation of these Accounts extends the victimization she has already suffered from Cash Flow's scheme.

65.    Plaintiff feels persistent stress due to the restrictive impact of these Accounts which have hampered her ability to get and increase her credit and move forward with family planning.

## FIRST COUNT
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).

66.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

67.    CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

preparation of Plaintiff's credit reports and credit files they compiled and maintained concerning Plaintiff, which were published.

68.     Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

69.     CRA Defendants failed to comply with 15 U.S.C. § 1681c-2 by failing to follow reasonable procedures to assure maximum possible accuracy despite receiving the requisite documentation from Plaintiff, which included not only Plaintiff's Identity Theft Report, but, a copy of the New Jersey U.S. Attorney's Office release of Espinal's guilty plea to the frauds alleged against him and Cash Flow.

70.     Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

71.     In violation of 15 U.S.C. §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background reports.

72.     Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform reasonable investigations to remove or correct the inaccurate information.

73.     Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform reasonable investigations to remove or correct the inaccurate information.

74.     Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform reasonable investigations to remove or correct the inaccurate information.

75.     As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

76.     In violation of 15 U.S.C. § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injuries.

77.     CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

11

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

78.    As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

79.    For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND COUNT
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

80.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

81.    CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit reports.

82.    CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendants and merely parroting information received from the furnishers.

83.    CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and her disputes.

84.    CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding her disputes.

85.    CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit files or correct the inaccurate information upon reinvestigation.

86.    CRA Defendants never contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute.

87.    Upon information and belief, CRA Defendants never: (i) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (ii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iii) requested or obtained any credit applications, or other relevant documents from Furnisher Defendants. As such, there is no evidence of any reasonable investigations being conducted.

12

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

88.     As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

89.     CRA Defendants' violations were willful because they had knowledge of the issue after receiving detailed dispute letters and/or otherwise exhibited a reckless disregard for the information provided in those disputes, rendering CRA Defendants individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.     In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

91.     For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### THIRD COUNT
### Furnisher Defendants' Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

92.     Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

93.     At all times pertinent hereto, each Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" to the credit reporting agencies.

94.     Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

95.     Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

96.     FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher provided the inaccurate information.

97.     On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendants the notices of dispute and all relevant information regarding the disputes.

13

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

98. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notices of dispute and all relevant information regarding the disputes.

99. Upon information and belief, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

100. Furnisher Defendants failed to correct or remove the inaccurate information from the accounts and credit reports and report those results to all credit reporting agencies to which the Furnishers provided the inaccurate information.

101. Upon information and belief, Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

102. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

103. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's accounts as provided.

104. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

105. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information they did not or could not verify in Plaintiff's file after conducting an investigation.

106. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file(s) to the credit reporting agencies.

107. Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

108. Furnisher Defendants' conduct was willful in that they knew of the identity theft after receiving the FCRA Dispute Letters from CRA Defendants and continued to report the debt anyway.

14

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

109.    Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to Plaintiff when they failed to conduct reasonable investigations despite receipt of information that the debts were a result of identity theft.

110.    Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's the Accounts.

111.    Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies.

112.    Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information they did not or could not verify in Plaintiff's files after conducting investigations.

113.    Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's files to the credit reporting agencies,

114.    Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

115.    Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

116.    Furnisher Defendants are liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117.    Alternatively, Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when they failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

118.    For the foregoing reasons, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## FOURTH COUNT
### CRA Defendant's Violations of the NY FCRA § 380

119.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

15

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM    INDEX NO. 819943/2023E

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 12/15/2023

120.    NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

121.    In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1)    Promptly expunge the item and otherwise correct the file

(2)    Refrain from reporting the item in subsequent consumer reports,

(3)    Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

122.    Here a duty to conduct a reasonable investigation was triggered by CRA Defendants upon their respective receipt of any FCRA Dispute Letter referenced in the above statement of facts.

123.    CRA Defendants failed to conduct reasonable investigations and failed to promptly correct the tradeline of the accounts at issue.

124.    CRA Defendants also failed to provide Plaintiff the notice of rights required by NY FCRA § 380-f(b)(3).

125.    CRA Defendants' failure to adequately re-investigate Plaintiff's disputes despite being given more than adequate information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

126.    As such, CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorneys' fees pursuant to NY FCRA § 380-L.

127.    At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorney's fees pursuant to NY FCRA § 380-M.

128.    As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

16

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

129.    As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

## FIFTH COUNT
### CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681c-2

130.    Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

131.    Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receipt of a notice of the identity theft.

132.    This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer.

133.    Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent a dispute detailed in the above statement of facts which included the appropriate proof, identification and report to a law enforcement agency stated that the subject accounts and/or transactions were a result of identity theft.

134.    CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify Furnisher Defendants that the information was a result of identity theft.

135.    CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify Furnisher Defendants that an identity theft report has been filed.

136.    CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify Furnisher Defendants that a block had been requested.

137.    CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

138.    CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify Plaintiff that they would decline to block the disputed Accounts or had rescinded the blocking of these Accounts.

139.    As a result of CRA Defendants' violations of 15 U.S.C. § 1681c-2, Plaintiff suffered actual damages which have been further described in the statement of facts.

17

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

140.    CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.    Alternatively, CRA Defendants violations were a result of negligence, and Plaintiff is entitled to recovery under 15 U.S.C. § 1681o.

142.    For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681c-2 and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

143.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a    Adjudging that Defendants' actions violated the FCRA;

b    Adjudging that CRA Defendants' actions violated the NY FCRA;

c    Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d    Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e    Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f    Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g    Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h    Granting Plaintiff actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

i    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j    Such other and further relief as the Court determines is just and proper.

18

FILED: BRONX COUNTY CLERK 12/15/2023 09:37 AM

NYSCEF DOC. NO. 1

INDEX NO. 819943/2023E

RECEIVED NYSCEF: 12/15/2023

DATED: December 15, 2023
    Uniondale, New York

**SANDERS LAW GROUP**

By: */s Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 128386

19